## ANDRUS v. ALASKA PACIFIC SALMON CORPORATION.

### No. 13015.

District Court, W. D. Washington, N. D.

Jan. 29, 1931.

Winter S. Martin and Arthur Collett, Jr., both of Seattle, Wash., for libelant.

Stedman & Stedman, of Seattle, Wash., for respondent.

NETERER, District Judge.

The facts in this case are that the owners, the Alaska Pacific Salmon Corporation, were operating a cannery in Alaska, and in connection with the cannery were operating five fishing boats carrying fish from the fish traps to the cannery, etc., and each of these fishing boats is managed directly by the officers of the corporation. In doing that they employed crews upon each of the fishing boats. In the contract the libelant is employed at $175 per month for a given period, and is denominated "Captain." No powers are given in any manner or fashion. In the contract of employment, there are some provisions for Sunday, holiday, and night service, if required, without extra compensation. The owners at all times employed and discharged all employees, and had supervision over all fishing craft. The libelant at no time hired anybody or discharged anybody. He reported to the owners any changes he desired in the crew, and changes were made. Some men were discharged; some were shifted to the other craft on one occasion at least, with a view to accommodate the relation of the captains of the various boats.

A captain of these boats was merely a sort of foreman or overseer of the crew. He called them out and directed the employment, when to go, or come ashore, and generally directed their work. Clayton v. The Schooner Eliza B. Emory (C. C.) 4 F. 342; United States v. Trice (D. C.) 30 F. 490. The authority or power was limited. The owners at all times exercised the supervisory powers—the powers that usually go to the master, especially when the ship is away from the home port. The libelant did not have the authority of a master.

The libelant recognized his limited authority, and never attempted to move or function other than as foreman or overseer or superintendent. The company did not in any way or manner inspire ill will on the part of the crew against the libelant, but did endeavor to harmonize the relation, and discharged several men at the libelant's suggestion, shifted men on occasion, and investigated complaints made on the libelant's part, but declined to discharge the engineer, who, the superintendent or the manager said, was efficient and had been in the employ of the company for four years.

There is substantial testimony that there was a relation between the libelant and the crew, which ought not to obtain, but the owners did not inspire any of it. They are innocent of any act of omission or commission with relation to this relation, and the mere fact that the company declined to discharge the engineer, or any other employee, on libelant's statement that, unless this was done, he would quit, did not, under the employment, permit the libelant to treat the refusal to discharge as a discharge of himself. It was a right which the company had. They were responsible to their employees, who were rendering service, reporting to the cannery on every trip, and receiving general directions, and the captain merely had the charge of the crew when they were away, directing their work, and, if the work was not properly done, he could not discharge; he could simply report, recommend, and advise, and, when he resigned, sending the telegram, as the records show, and likewise advising the officers that he refused to work unless the engineer was discharged, that was a matter of his choice, and he can have no remedy to recover on the basis of the libel for the fulfillment of the contract as of discharge.

The libel will be dismissed.